**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | | |
|---|---|---|
| STEPHANIE CRAFT, as Personal Representative of the Estate of Jack Dale Still,<br><br>Plaintiff,<br><br>v.<br><br>MYERS INDUSTRIES, INC.; SCEPTER US HOLDING COMPANY; SCEPTER MANUFACTURING, LLC; AND SCEPTER CANADA INC.;<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **CIVIL ACTION NO.** 3:26-cv-4232-CMC<br><br>[On Removal from the Court of Common Pleas for Lexington County, South Carolina, Case No. 2026-CP-32-03414]<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>JURY TRIAL DEMANDED |

Defendants, Myers Industries, Inc., Scepter US Holding Company, Scepter Manufacturing, LLC, and Scepter Canada Inc. (collectively, the “Removing Defendants”), by and through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441(a) and (c), and 1446(b), hereby remove the above-captioned action, pending in the Court of Common Pleas for Lexington County, South Carolina (the “State Court”), to the United States District Court for the District of South Carolina, Columbia Division. Removal is proper because there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

Removal is well-grounded in fact, warranted by existing law, not prohibited by 28 U.S.C. § 1445, and not interposed for any improper purpose. Further, the allegations in this Notice of Removal are true and correct, and this action is within the original jurisdiction of the United States District Court for the District of South Carolina as set forth more fully below.

Accordingly, the Removing Defendants respectfully request that this Court take jurisdiction over this matter and conduct all further proceedings.

## I. PROCEDURAL BACKGROUND AND COMPLIANCE

1. On July 22, 2026, Plaintiff filed a Complaint in the United States District Court for the District of South Carolina, Case No. 3:26-cv-2993-CMC (the "Prior Federal Complaint"). **Ex. 1**. Plaintiff voluntarily dismissed that action without prejudice. *See* **Ex. 2**. Subsequently, on August 3, 2026, Plaintiff filed a Complaint in the Court of Common Pleas for Lexington County, South Carolina, Case No. 2026-CP-32-03414 (the "Complaint"), captioned *Stephanie Craft v. Myers Industries Inc., at al*. Case No. 2026CP3203414. *See* **Ex. 3**. This State Court Complaint is the subject of this Notice of Removal.

2. In this Complaint, Craft sued four defendants, Myers Industries, Inc., Scepter US Holding Company, Scepter Manufacturing, LLC, and Scepter Canada, Inc. The Complaint alleges that the Decedent, Jack Dale Still, suffered significant burn injuries, to which he later succumbed, as a result of an explosion of a portable plastic fuel container. *See* **Ex. 3** at ¶¶ 12, 14. The Complaint asserts claims for strict products liability (based on design defect and failure to warn), negligence, breach of warranty, wrongful death, and a survival claim against all four defendants.

3. Removal of this action is timely under 28 U.S.C. § 1446(b). That provision states that "[t]he notice of removal of a civil action . . . shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . ." Each Removing Defendant was served with or accepted service of the Complaint on August 24, 2026. This Notice is therefore timely as to all Removing Defendants.

4. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of "each paper filed or served in the state court" are attached as **Exhibits 3-10 to** this Notice.

5. Pursuant to 28 U.S.C. § 1446(d), the Removing Defendants will promptly file a copy of this Notice of Removal with the clerk of the State Court in the underlying action and will also provide written notice of the filing of this Notice of Removal to the Plaintiff through her counsel.

6. Removal of this action to the United States District Court for the District of South Carolina, Columbia Division is proper pursuant to 28 U.S.C. § 1441(a), as this Court is the United States District Court for the district and division embracing the place where the State Court action was pending.

7. Pursuant to 28 U.S.C. § 1446(b)(2)(A), "all defendants who have been properly joined and served" consent to the removal of this action. All defendants, Myers Industries, Inc., Scepter US Holding Company, Scepter Manufacturing, LLC, and Scepter Canada, Inc., consent to removal of this action by filing this Notice of Removal.

## II. <u>GROUNDS FOR REMOVAL – DIVERSITY JURISDICTION</u>

8. This State Court Action is removable to this Court, and this Court has original jurisdiction over the State Court Action, based on diversity jurisdiction. *See* 28 U.S.C. §§ 1332(a)(1), 1441(a).

9. Diversity jurisdiction exists if there is "complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005). The amount in controversy must also exceed $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

10. This Court has jurisdiction over this matter under 28 U.S.C. § 1332(a) because the Defendants and the Plaintiff are completely diverse in their citizenship, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**A. Diversity of Citizenship Between the Parties**

11. The Complaint is between the Plaintiff (a natural person) and four defendants – three corporations and one limited liability company. *See* **Ex. 3**. Complete diversity exists because, at the time suit was filed, the Plaintiff and the Decedent were citizens of South Carolina, three of the Defendants were citizens of a state other than South Carolina (Ohio), and the fourth Defendant was a citizen of a foreign state (Canada).

12. To establish diversity within the meaning of 28 U.S.C. § 1332(a), a natural person must be a citizen of and domiciled within that state. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826 (1989); *see also Axel Johnson, Inc. v. Carroll Carolina Oil Co.,* 145 F. 3d 660 (4th Cir. 1998). Further, according to 28 U.S. C. § 1332(c)(2), "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent."

13. Here, the State Court Complaint alleges that the Plaintiff, Stephanie Craft, is a resident and citizen of Lexington County, South Carolina. **Ex. 3** at ¶ 1. The Removing Defendants do not dispute this allegation.

14. Upon information and belief, the Decedent in this action, Jack Dale Still, was also a citizen of Lexington County, South Carolina. This is evidenced by the fact that Still's probate estate is located in Lexington County, South Carolina, Case No. 2025ES3201842. *See* **Ex. 11**.

15. A corporation is deemed to be a "citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." *See* 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is its "nerve center," ordinarily its headquarters where its officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).

16. Defendant Myers Industries, Inc. is an Ohio corporation with its principal place of business in Akron, Ohio. *See* **Ex. 3** at ¶ 2. Thus, it is a citizen of Ohio.

17. Defendant Scepter US Holding Company is an Ohio corporation with its principal place of business in Akron, Ohio. *See* **Ex. 3** at ¶ 3. Thus, it is a citizen of Ohio.

18. Defendant Scepter Canada Inc. is a Canadian corporation with its principal place of business in Ontario, Canada. *See* **Ex. 3** at ¶ 5. Thus, it is a citizen of Canada.

19. A limited liability company is assigned the citizenship of its members. *See Gen. Tech. Applications, Inc. v. Exro Ltda.*, 388 F. 3d 114, 120 (4th Cir. 2004); *see also Cent. W. Va. Energy Co. v. Mt. State Carbon, LLC*, 636 F. 3d 101, 103 (4th Cir. 2011) ("the citizenship of a limited liability company . . . is determined by the citizenship of all its members . . .").

20. Scepter Manufacturing, LLC is a limited liability company organized under Delaware law. *See* **Ex. 3** at ¶ 4. The sole member of Scepter Manufacturing, LLC is Scepter US Holding Company, which is a citizen of Ohio. Thus, Scepter Manufacturing, LLC, is a citizen of Ohio.

21. Citizenship is assessed at the time the suit is filed. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570–71 (2004).

22. Here, complete diversity exists because, at the time suit was filed, the Plaintiff and the Decedent were citizens of South Carolina, three of the Defendants were citizens of a state other than South Carolina (Ohio), and the fourth Defendant was a citizen of a foreign state (Canada).

**B. Amount in Controversy**

23. The amount in controversy exceeds $75,000.00, excluding interest and costs, as required by 28 U.S.C. § 1332(a).

24. Here, Plaintiff seeks actual damages, compensatory damages, and punitive damages against all Defendants. *See* **Ex. 3** at ¶ 57. Plaintiff asserts a wrongful death Claim under S.C. Code

Ann. § 15-51-10 against all Defendants, seeking economic and non-economic damages, including loss of companionship, funeral expenses, and emotional distress for the Decedent's statutory beneficiaries. *Id*. at ¶ 53. Additionally, Plaintiff asserts a survival claim under S.C. Code Ann. § 15-5-90 against all Defendants, seeking damages for the Decedent's pain, suffering, and medical costs on behalf of the Decedent's estate. *Id*. at ¶ 56.

25. Where the Complaint does not make a specific damages demand, the removing defendant can assert the amount in controversy in the Notice of Removal. 28 U.S.C. § 1446(c)(2). The defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy is met. *See* 28 U.S.C. § 1446(c)(2); *see also Roe v. Michelin N. Am., Inc.*, 613 F. 3d 1058, 1061 (11th Cir. 2010) (quoting *Tapscott v. MS Dealer Serv. Corp.*, 77 F. 3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F. 3d 1069 (11th Cir. 2000)); *Pretka v. Kolter City Plaza II, Inc.*, 608 F. 3d 744 (11th Cir. 2010).

26. However, the basis for removal may also be "facially apparent" from the Complaint itself, establishing the amount in controversy, even when "the complaint does not claim a specific amount of damages." *Pretka*, 608 F. 3d at 754 (quoting *Williams v. Best Buy Co., Inc.*, 269 F. 3d 1316, 1319 (11th Cir. 2001)).

27. Although Plaintiff is not entitled to punitive damages, this Court should consider Plaintiff's demand for punitive damages in assessing whether the amount in controversy requirement has been satisfied. *Meadows v. Nationwide Mut. Ins. Co.*, Civil Action No. 1:14-cv-04531-JMC, 2015 U.S. Dist. LEXIS 71621, at *5 (D.S.C. June 3, 2015) (finding that plaintiff's claim for punitive damages confirmed that the value of her claims exceeded $75,000); *Thompson v. Victoria Fire & Cas. Co.*, 32 F. Supp. 2d 847, 849 (D.S.C. 1999) ("The original complaint seeks punitive damages in addition to $25,000.00 actual damages against each defendant, and the court

is satisfied that the amount in controversy exceeds $75,000.00"); *Mullins v. Harry's Mobile Homes, Inc.*, 861 F. Supp. 22, 24 (S.D. W. Va. 1994) (denying motion to remand because, inter alia, "plaintiffs' claim for punitive damages must be added to their claim for compensatory damages in determining whether the jurisdictional amount of $50,000 is present").

28. It is well established that "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe*, 613 F.3d at 1062; *see also Mullins*, 861 F. Supp. at 24.

29. Although Defendants deny any liability, Defendants and this Court may rely on Plaintiff's allegations to determine the amount in controversy sought by Plaintiff. Here, common sense dictates that the amount in controversy exceeds $75,000.00[1]. Plaintiff alleges that the Decedent "suffered catastrophic burns over 80-89% of body surface with 70-79% third degree burns." *See* **Ex. 3** at ¶ 15. Plaintiff stated that she is seeking damages, on behalf of the Decedent's estate, for conscious pain and suffering and medical costs associated with the Decedent's injuries. It is evident that claims for hospital bills and pain and suffering for "catastrophic burns" would exceed the jurisdictional minimum. Further, adding punitive damages and wrongful death damages (loss of companionship, funeral expenses, and emotional distress) would tip the scales past $75,000.00 in damages sought.

**<u>CONCLUSION</u>**

WHEREFORE, the Removing Defendants respectfully request that the Court accept jurisdiction over the Complaint.

[1] Importantly, Plaintiff has also previously alleged an amount in controversy exceeding $75,000.00 in a prior Complaint based on the same occurrence filed in the United States District Court for the District of South Carolina, Columbia Division, Case No. 3:26-cv-2993-CMC. *See* **Ex. 1**. In that Complaint, which was filed on July 22, 2026, Plaintiff raised the exact same substantive facts as in this action, and specifically pleaded that "the amount in controversy exceeds $75,000.00." *Id.* at ¶ 10. Plaintiff voluntarily dismissed that action without prejudice. *See* **Ex. 2**.

WEINBERG WHEELER HUDGINS GUNN
& DIAL, LLC

*/s/ Brannon J. Arnold*
Brannon J. Arnold (SC Bar No. 80061)
344 Peachtree Road, NE, Suite 2400
Atlanta, Georgia 30326
Tel: (404) 876-2700
barnold@wwhgd.com
*Counsel for Defendants*

September 23, 2026
Atlanta, Georgia

**CERTIFICATE OF SERVICE**

I hereby certify that on September 23, 2026, the within and foregoing Defendant's Notice of Removal was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Daniel S. Haltiwanger
S. Kirkpatrick Morgan, Jr.
MORGAN, SLAUGHTER & HALTIWANGER, LLC
135 East Main Street
Post Office Box 1256 (29071)
Lexington, South Carolina 29072
dan@mshfirm.com
kirk@mshfirm.com

Charles T. Slaughter
MORGAN, SLAUGHTER & HALTIWANGER, LLC
1156 Bowman Rd., Suite 203
Mount Pleasant, South Carolina 29464
chuck@mshfirm.com

*Attorneys for Plaintiff*

*/s/ Brannon J. Arnold, Esq.*
Brannon J. Arnold
SC Federal ID No. 113621